**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| RAY ROVAI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PLOGER TRANSPORTATION, LLC )<br>And JACK JISA, )<br>)<br>)<br>Defendants. ) | Case No.: |

## NOTICE OF REMOVAL

Defendants, Ploger Transportation, LLC and Jack Jisa ("Defendants") by their attorney, F. Joseph Jaskowiak of Hoeppner Wagner & Evans LLP, pursuant to 28 U.S.C. §§1332, 1441, and 1446, and the Local Rules of the United States District Court for the Northern District of Indiana, notify this Honorable Court that the above-entitled cause has been removed from the Lake Superior Court, Civil Division 4, County of Lake, Indiana.  In support of this Notice of Removal, Defendants state as follows:

### BACKGROUND

1. The Complaint in this civil action was filed on or about May 4, 2022, in the Lake Superior Court, Civil Division 4, Lake County, Indiana, captioned *Rovai v. Ploger Transportation, LLC and Jack Jisa,* Case No. 45D04-2205-CT-000422  (the "Complaint" or "State Court Action").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.  **Exhibit D** contains a true and correct copy of all the process, pleadings, orders and documents or dockets for the state court action which are being filed with the Notice of Removal.

2.	Plaintiff, Ray Rovai ("Plaintiff"), alleges that he is a resident of Lake County, Indiana, and that on March 29, 2022, in Lake County, Indiana, the vehicle driven by Defendant Jack Jisa struck "with great force and violence" the rear of the vehicle driven by Plaintiff Ray Rovai and the vehicles collided. (Ex. A, Compl., ¶ ¶ 3, 5, 6, 10).  Plaintiff's Complaint seeks unspecified damages resulting from alleged negligence of the Defendants, including damages for physical injuries, emotional distress and other permanent and severe personal injuries; past and future medical expenses including expenses for ambulance, hospital, diagnostic, surgical, therapeutic and pharmaceutical; past and future physical pain, mental suffering, terror, fright, loss of enjoyment of life and permanent impairment; lost time or wages and impairment of earnings capacity; and other injuries and damages of a personal and pecuniary nature. (Compl., ¶ 11).

3.	Defendant Ploger Transportation, LLC was served with the Complaint and Alias Summons on May 28, 2022, by Sheriff in Erie County, Ohio. Defendant Jack Jisa was served with a copy of the Complaint and Summons on May 14, 2022, by certified mail.

## BASIS FOR REMOVAL
## DIVERSITY JURISDICTION 28 U.S.C. §1332

4.	This action may be removed to this Court by Defendants pursuant to the provisions of Title 28 of the United States Code, Section 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  28 U.S.C. §1332(a)(1).  As set forth more fully below, there is complete diversity among the parties and the amount in controversy meets the standard for removal.

5.	***Diversity of Citizenship.***  There is complete diversity between the parties. At the

2

time of this filing, Plaintiff Ray Rovai was, and still is, a citizen of, resides in, and has his domicile in, Indiana.    (Compl., ¶ 3).  At the time of this filing, Plaintiff is employed by Alert Alarm in Lake County, Indiana and owns real property in Lake County, Indiana.  The Police Report prepared in connection with the collision on March 29, 2022 identifies Plaintiff's address as 15716 91st Avenue, Dyer, Indiana 46311.  Records from the Lake County Assessor and Surveyor's office confirm that Plaintiff owns the property located at 15716 91st Avenue, Dyer, Indiana.

At the time of this filing, Defendant, Jack Jisa, is a citizen of, resides in, and has his domicile in, Ohio.  (Affidavit of Jack Jisa, attached as **Exhibit B**)  At the time of this filing, Defendant, Ploger Transportation, LLC ("Ploger") is a citizen of Ohio.  *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003)(A limited liability company is analogous to a partnership and takes the citizenship of its members).  Defendant Ploger has one member, Tanya Morrow, who is a citizen of, resides in, and has her domicile in, Ohio.   (Affidavit of Tanya Morrow ¶ 3, attached as **Exhibit C**)   At the time of this filing, Defendants were and still are citizens of Ohio. (Morrow Aff., ¶ 4; Jisa Aff., ¶ 3)  At no time has Ploger or Jack Jisa been a citizen of Indiana. (Morrow Aff., ¶ 5; Jisa Aff., ¶ 4)   Thus, Defendants Jisa and Ploger are not citizens of the same state as Plaintiff.  Accordingly, complete diversity of citizenship exists for the purposes of 28 U.S.C. §§1332 and the removal of this action to this Court is proper under §1441(b).

6.    *Amount in Controversy.*  The amount in controversy meets the standard for removal.  Plaintiff seeks unspecified damages for the alleged negligence of Defendants, allegedly stemming from a crash involving "great force and violence", including damages for physical injuries, emotional distress and other permanent and severe personal injuries; past and future medical expenses including expenses for ambulance, hospital, diagnostic, surgical, therapeutic and

pharmaceutical; past and future physical pain, mental suffering, terror, fright, loss of enjoyment of life and permanent impairment; lost time or wages and impairment of earnings capacity; and other injuries and damages of a personal and pecuniary nature.  (Compl., ¶¶ 10, 11).  The police report states that Ray Rovai did not provide a statement due to injuries sustained from the crash and being transported for medical treatment.  The police report states that the "Driver Injury Status" for Ray Rovai is "Incapacitating".  The police report states that the "Nature of Most Severe Injury" is "Internal" and that the "Location of Most Severe Injury" is "Entire Body".  It has been reported that Plaintiff was transported to a local hospital where he was then transferred to the University of Chicago Hospital.

While Defendants deny Plaintiff is entitled to the relief sought in his Complaint, given the nature of the claims, including claims for permanent and severe personal injuries, physical injuries, emotional distress, loss of enjoyment of life and permanent impairment, as well as lost wages and earnings capacity, the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

7.  Because the jurisdictional minimum is satisfied and the parties are of diverse citizenship, the Court has jurisdiction of this action under 28 U.S.C. §1332.  Defendants are, therefore, entitled to remove this action to this Court pursuant to 28 U.S.C. §§1332 and 1441.

**PROCEDURAL MATTERS**

8.  ***Removal is Timely***.  This Notice of Removal is timely under Section 1446(b) because, the Defendant Ploger Transportation, LLC was served on May 28, 2022, and Defendant Jack Jisa was served on May 14, 2022.  This Notice of Removal is filed within thirty (30) days of

Defendants' receipt of the Complaint setting forth the claim for relief upon which this action or proceeding is based.  Therefore, the Notice of Removal is timely filed under 28 U.S.C. §1446(b).

        9.     *Consent.*  Both Defendants consent to the removal of this action.

        10.    *Pleadings.*  Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all of the process, pleadings, orders and documents or dockets for the state court action which have been served on Defendants are being filed with the Notice of Removal as **Exhibit D**.

        11.    *Removal to Proper Court.*  The United States District Court for the Northern District of Indiana, Hammond Division, is the federal judiciary district embracing the Lake Superior Court, Civil Division 4, Lake County, Indiana, where the Complaint was filed.  28 U.S.C. §94(a)(2).

        12.    *Notice of Removal.*  Notice of filing of removal will be promptly given to Plaintiff and the Lake Superior Court, Indiana as required by 28 U.S.C. §1446(d).

        13.    *Responsive Pleading.*  No responsive pleading is due.  Defendants will serve their responsive pleading to the Complaint pursuant to Fed. R. Civ. P. 81(c) and 6(a), or such subsequent time as set by stipulation of the parties or order of the Court.  Defendants expressly reserve any and all rights, objections or defenses that it may assert in response to the Complaint.

        14.    *Notice of Related Action.*  There are no related actions.

        15.    Defendants have complied with the procedural requirements of 28 U.S.C. §1446 and the Federal Rules of Civil Procedure that govern removal from state court.  This Court has original jurisdiction over this matter because there is complete diversity between the parties to this lawsuit and the amount in controversy exceeds $75,000.00.

WHEREFORE, Defendants respectfully provide notice that this action has been removed from the Lake Superior Court, Civil Division 4, Lake County, Indiana, to the United States District Court for the Northern District of Indiana, Hammond Division, pursuant to the provisions of 28 U.S.C. §§1332, 1441, and 1446 and the Local Rules of the United States District Court for the Northern District of Indiana.

        Respectfully submitted,

        **HOEPPNER WAGNER & EVANS LLP**

        By: */s/ F. Joseph Jaskowiak*
           F. Joseph Jaskowiak, Attorney #4998-64
           8585 Broadway, Suite 790
           Merrillville, Indiana 46410
           Telephone: (219) 769-6552
           Facsimile: (219) 738-2349
           Email: jjaskowiak@hwelaw.com

           *Attorney for Defendants,*
           *Ploger Transportation, LLC and Jack Jisa*

**HOEPPNER WAGNER & EVANS LLP**
8585 Broadway, Suite 790
Merrillville, Indiana 46410
Telephone: (219) 769-6552
Facsimile: (219) 738-2349
Email: jjaskowiak@hwelaw.com

## CERTIFICATE OF SERVICE

I certify that on June 13, 2022, I electronically filed this Notice of Removal with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system and/or U.S. Mail. Parties may access this filing through the Court's system.

Bryan L. Bradley
ALLEN LAW GROUP
1109 Glendale Boulevard
Valparaiso, IN 46383

*/s/ F. Joseph Jaskowiak*